IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HAROLD L. DORTCH, #298361, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 2:22-cv-427-RAH-JTA ) |
| KAREN CARTER, et al., | ) ) ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, proceeding *pro se*, initiated this 42 U.S.C. § 1983 action in July 2022. (*See* Doc. No. 1.) Upon screening the initial Complaint and finding that it contained numerous deficiencies, on October 21, 2022, the Court issued an Order directing Plaintiff to file an amended complaint curing those deficiencies. (Doc. No. 13.) The Court received Plaintiff's Amended Complaint on November 7, 2022 (Doc. No. 14), and it is now before the Court for screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.[1] Upon review, the undersigned RECOMMENDS that this action be DISMISSED without prejudice for Plaintiff's failure to state a claim on which relief may be granted.

---

[1] Because Plaintiff is proceeding *in forma pauperis*, the Court must review his pleading(s) under 28 U.S.C. § 1915(e)(2)(B). Under that statute, the Court is required to dismiss a complaint if it determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. Similarly, because Plaintiff is a prisoner seeking redress from a governmental entity, officer, or employee, the Court must review his pleading(s) under 28 U.S.C. § 1915A. Under that statute, the Court must dismiss a complaint, or any portion thereof, if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

## I.     THE AMEND ORDER (DOC. NO. 13)

In its October 21 Order directing Plaintiff to file an amended complaint, the Court advised Plaintiff that (1) any claims arising from events that occurred more than two years before filing this action are subject to dismissal under the applicable statute of limitations; (2) merely failing to give Plaintiff a particular custody classification does not constitute a due process violation; and (3) he is not permitted to bring completely unrelated claims that occurred during separate, unrelated periods of time in a single action. (Doc. No. 13 at 1–3.) The Court then instructed Plaintiff that his amended complaint must:

> 1. Contain[] only a single claim together with any claims that are closely related to it (that is, arising out of the same transaction, occurrence, or series of transactions or occurrences).
>
> 2. Name[] as defendants only those individuals he contends are personally responsible for the alleged violations of his constitutional rights.
>
> 3. Specifically describe[] how each named defendant acted, or failed to act, in a manner that deprived Plaintiff of his constitutional rights.
>
> 4. Present[] a short and plain statement of the claim showing that Plaintiff is entitled to relief and that "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted); Fed R. Civ. P. 8(a)(2).

(*Id*. at 3–4.) The Court specifically cautioned Plaintiff that, if he failed to file an amended complaint in compliance with the October 21 Order, the undersigned would recommend that this action be dismissed. (*Id*. at 4.)

## II.     THE AMENDED COMPLAINT (DOC. NO. 14)

The Amended Complaint names seven Defendants: Warden Patrice Richie Jones and Simone Parker at Bullock Correctional Facility and Warden Karen Carter, Lavetta

Boben, Kendrick Boyd, and Sergeants Salter and Pryor at Easterling Correctional Facility. (Doc. No. 14 at 2.) It contains the following factual allegations:

On August 4, 2022, Defendant Boyd issued Plaintiff a false disciplinary stating that Plaintiff assaulted an Alabama Department of Corrections official. (*Id*. at 2–3.) Defendant Boyd "used ex[c]essive force[,] assaulting [Plaintiff] [and also] spraying [him] with [mace] in [his] head and face." (*Id*. at 3.) At some unidentified time, Defendant Boben "used an incident report to raise [his] custody from a level 4 to a level 5 violat[]ing due process procedure" and in retaliation for previous lawsuits Plaintiff filed "against the prison system wardens and classification." (*Id*.) Plaintiff further states, without any additional context, that "these warden to warden transfer[]s is to make [him] stumble with [his] lawsuits"; "[he] had a previous stabbing w[h]ere [he] al[]most died at Bullock"; Defendant "Boben is aiding [Defendants] Warden Jones and Karen Carter to keep [him] from work release"; and unidentified individuals "are witness tampering and trying to cover up a murder investigation that happened at Alex City Work Center in 2017." (*Id.* at 3–4.)

### III.   DISCUSSION

As an initial matter, the Amended Complaint fails to cure—or even improve upon—the deficiencies identified by the Court in its October 21 Order. Like the initial Complaint, the Amended Complaint attempts to bring claims that are time-barred, state a due process violation based solely on Plaintiff's custody classification, and join numerous, wholly unrelated claims. It further names numerous Defendants against whom no allegations are

made and is replete with vague, conclusory allegations that fail to satisfy the Federal Rules of Civil Procedure.

### a. Defendants Parker, Salter, and Pryor

Although the Amended Complaint names Simone Parker, Sergeant Salter, and Sergeant Pryor as Defendants (Doc. No. 14 at 2), it does not contain any allegations whatsoever pertaining to these Defendants. "[S]ection 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted). The Eleventh Circuit has specifically recognized that dismissal of defendants is proper where a complaint fails to state any allegations that associate the named defendants with a constitutional violation. *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. Puerto Rico Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")). Accordingly, because Plaintiff has failed to state a claim for relief against these three Defendants, they are due to be dismissed.

### b. Defendants Boben, Jones, and Carter

Plaintiff alleges that Defendant Boben "used an incident report to raise [his] custody from a level 4 to a level 5 violat[]ing due process procedure" and in retaliation for "the previous lawsuits [he has] filed against the prison system wardens and classification." (Doc. No. 14 at 3.) Plaintiff's sole allegation against Defendants Jones and Carter is that Defendant Boben is "aiding [them] to keep [him] from work release." (*Id.*) To the extent

4

he purports to state a due process claim, the Court has already explained to Plaintiff that he cannot do so based solely on his heightened custody classification. *See Morales v. Chertoff*, 212 F. App'x 888, 890 (11th Cir. 2006) (citing *Slezak v. Evatt*, 21 F.3d 590, 594 (4th Cir. 1994) (holding that the United States Constitution affords no liberty interest in a prisoner's custody classification) and *Meachum v. Fano*, 427 U.S. 215, 224–26 (1976) (holding that a prisoner does not have a liberty interest in assignment to any particular prison, regardless of whether the conditions of one prison are "much more disagreeable" than another)).

To the extent he purports to state a retaliation claim—although he has certainly not made that clear as to Defendants Jones and Carter—that claim also fails. To state a viable retaliation claim, Plaintiff must allege that he engaged in speech that was constitutionally protected, that he suffered an adverse action that would likely deter a person of ordinary firmness from engaging in such speech, and that there was a causal relationship between the retaliatory action and his protected speech. *Hall v. Adm'r, Fla. Civ. Commitment Ctr.*, Case No. 21-13160, 2022 WL 4100705, at *1 (11th Cir. Sept. 8, 2022) (citing *Bennett v. Hendrix*, 423 F.3d 1247, 1250, 1254 (11th Cir. 2005)). "The causal connection inquiry asks 'whether the [officials] were subjectively motivated to discipline because [the prisoner] complained of some of the conditions of his confinement.'" *Id.* (quoting *Smith v. Mosley*, 532 F.3d 1270, 1278 (11th Cir. 2008)).

Construing the Amended Complaint liberally, Plaintiff has alleged that he engaged in protected speech by filing lawsuits "against the prison system wardens and classification" and suffered an adverse action by being denied work release. (Doc. No. 14 at 3.) However, he has wholly failed to demonstrate a causal connection between his speech

and the alleged retaliatory action. To establish a causal connection, a plaintiff must show that the decisionmakers who were responsible for the adverse action were aware of the protected conduct and that the protected activity and the adverse action were not wholly unrelated. *See Greene v. Ala. Dep't of Revenue*, 746 F. App'x 929, 932 (11th Cir. 2018) (citation omitted). "A causal connection may be inferred when there is a close temporal proximity between the protected activity and the adverse action, [b]ut mere temporal proximity, without more, must be 'very close.'" *Id*. (quoting *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007)).

The Amended Complaint alleges that Defendant Boben was the sole decisionmaker responsible for Plaintiff's custody classification—not Defendants Jones and Carter. However, regardless if one or all of these Defendants were responsible for Plaintiff's classification change, Plaintiff has failed to allege when he filed his previous lawsuits; whether his previous lawsuits involved any of these Defendants (or gave these Defendants any subjective motivation to retaliate); if any of these Defendants were aware of his previous lawsuits; and when his custody classification changed. There are simply no allegations to support a finding that Plaintiff's previous lawsuits and his being denied work release are in any way related. To the contrary, Plaintiff alleges that Defendant Boben relied on an incident report to raise his custody, and there are no allegations that the particular incident report used by Defendant Boben was false or that Defendant Boben knew it was false when she relied on it.

Accordingly, because Plaintiff has failed to allege a viable due process or retaliation claim against any of these Defendants, they are due to be dismissed.

6

### c. Defendant Boyd

Finally, Plaintiff alleges that Defendant Boyd issued him a false disciplinary and "used ex[c]essive force assaulting [him] [and also] spraying [him] with [mace] in [his] head and face." Doc. 14 at 3. First, Plaintiff's allegation that Defendant Boyd falsified a disciplinary charge is insufficient to state a constitutional claim, as the filing of false disciplinary charges against an inmate does not alone amount to a constitutional violation. *See Fretwell v. Arrant*, Case No. 5:08-cv-56, 2009 WL 2168697, at *2 (N.D. Fla. July 17, 2009) (citing *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989) and *Freeman v. Rideout*, 808 F.2d 949, 951–53 (2d Cir. 1986)). Second, Plaintiff has failed to state a viable excessive force claim, as his single, conclusory allegation fails to satisfy the Federal Rules of Civil Procedure.

Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While detailed factual allegations are not required, a plaintiff must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp.*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555 (noting that, although a court must accept all factual allegations in a complaint as true at the motion to dismiss stage, it need not "accept as true a legal conclusion couched as a factual allegation")).

Plaintiff's statement that, at some unidentified time, Defendant Boyd "used ex[c]essive force assaulting [him]" is precisely the kind of statement contemplated by *Twombly* and *Iqbal* as insufficient under the Federal Rules, as it is merely a legal conclusion couched as a factual allegation and a naked assertion devoid of further factual enhancement. *See, e.g., Hogan v. Johnson*, Case No. 5:17-cv-1022, 2017 WL 6102818, at *2 (N.D. Ala. Oct. 17, 2017) (explaining that plaintiff's conclusory assertions that defendants "wrongfully assaulted" him and "purposefully used excessive force" against him were insufficient to state an excessive force claim). Plaintiff's bare allegation that he was sprayed with mace is also insufficient to state a claim, as such action does not violate the Eighth Amendment when done in a good faith effort to maintain or restore discipline rather than maliciously or sadistically to cause harm.[2] *See Burke v. Bowns*, 653 F. App'x 683, 696 (11th Cir. 2016) (finding use of pepper spray did not violate the Eighth Amendment because it was done to restore discipline) (citing *Danley v. Allen*, 540 F.3d

---

[2] After the Supreme Court's decisions in *Twombly* and *Iqbal*, "courts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010).

1298, 1307 (11th Cir. 2008) ("readily" concluding that the use of pepper spray following a prisoner's second failure to obey an officer's order to return to his cell was constitutional)).

Accordingly, because Plaintiff has failed to allege a viable excessive force claim or any other constitutional claim against Defendant Boyd, he is due to be dismissed.[3]

## IV.     CONCLUSION

The Court gave Plaintiff an opportunity to amend his pleading after notifying him of the shortcomings in his initial Complaint. (*See* Doc. No. 13.) Nevertheless, his Amended Complaint fails to meaningfully improve upon any of the deficiencies previously identified by the Court, and it again fails to state a viable legal claim. Thus, the undersigned concludes that directing any further amendments would be futile. *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2004) ("[A] district court may properly deny leave to amend the complaint . . . when such amendment would be futile.") (citation omitted).

Accordingly, based on the foregoing, the undersigned RECOMMENDS that this case be DISMISSED without prejudice for failure to state a claim on which relief may be granted.

It is further ORDERED that, by **March 14, 2023**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or

---

[3] As to Plaintiff's additional conclusory allegations, regarding unexplained "warden to warden" transfers, a previous stabbing at Bullock, witness tampering, and attempting to "cover up a murder investigation that happened at Alex City Work Center in 2017," these also fail to state a claim under the Federal Rules. At a minimum, they do not allow the Court to draw the reasonable inference that Defendants are liable for any misconduct, and thus lack facial plausibility. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

general objections will not be considered. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 1st day of March, 2023.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE